Dear Acting Mayor Henagan:
This office is in receipt of your request for an opinion of the Attorney General as to whether the necessary steps have been taken to carry on during the absence of the Mayor, L. A. Henagan, due to his illness. You indicate that Mayor Henagan has designated by a signed statement that you, as chairman of the city council, were to execute the duties of mayor in his absence in accordance with Section 3-08 and/or 3-09 of the DeQuincy Home Rule Charter. You ask whether all the necessary steps have been taken to carry on during Mayor Henagan's absence, and to assure that there is no violation of the dual office holding statute.
It is difficult for us to answer your question definitively as to whether all necessary steps have been taken during the mayor's absence inasmuch as the pertinent provisions depend upon factual circumstances regarding the absence about which we are unaware.
In Section 3-08, Mayor's Temporary Absence, provides as follows:
 A. Whenever the mayor is absent from and unavailable to the City, the powers and duties of the office of mayor shall be exercised by the mayor's designee. The mayor shall file the name of the person so designated with the clerk of the council. In the absence of such a filing, the mayor's designee shall be designated by the chairman of the Council.
 B. When the mayor expects to be absent from the City for more than seventy-two (72) consecutive hours, the mayor shall notify the clerk of the council in writing of the expected duration of the absence.
 C. If a temporary absence of the mayor extends to more than thirty (30) consecutive days, the office shall become vacant and shall be filled in accordance with Section 3-07 (Vacancies), except that the council may authorize a longer absence not to exceed a total of sixty (60) consecutive days.
This provision is entitled "Mayor's Temporary Absence" and states it is to apply "whenever the mayor is absent from and unavailable to the City'" which we note is in the conjunctive of "absent fromand unavailable to the City".
In his absence "the powers and duties of the office of mayor shall be exercised by the Mayor's designee". However, if the mayor expects to be absent for more than seventy-two consecutive hours, he shall notify the clerk of the council in writing, and if more than 30 consecutive days, the office shall become vacant.
By telephone conversation we have confirmed that the mayor was absent from the city when he designated the chairman of the city council to execute the duties of mayor. However, we do not know how long he was absent, but will assume it was not more than 30 days whereby the office could be declared vacant.
It is our understanding the mayor is no longer absent from the city which would appear to make the provisions of Section 3-09, Mayor's Disability, applicable which provides the following:
 A. Whenever the mayor transmits to the clerk of the council a written declaration stating inability to discharge the powers and duties of the office, and until the mayor transmits to the clerk of the council a written declaration to the contrary, the office of the mayor shall be filled in the same manner as in Section 3-08(A).
 B. Whenever a panel of three (3) qualified medical physicians, designated by resolution adopted by the favorable vote of at least a majority of the authorized membership of the council, transmits to the clerk of the council its written declaration that the mayor is unable to discharge the powers and duties of the office, the office of the mayor shall be filled by the council by the council's designee. The person filling the office shall serve until a panel of three (3) qualified medical physicians, designated by resolution adopted by the favorable vote of at least a majority of the authorized membership of the council, transmits to the clerk of the council its written declaration that the mayor's inability has ended. The medical physicians shall review the mayor's disability at least once every three (3) months until such time as it has been determined that the disability has ended.
 C. Should the mayor be unable to discharge the powers or duties of the office for a period exceeding six (6) consecutive months, the council shall have the authority upon the favorable vote of at least a majority of its authorized membership to declare the office of the mayor vacant due to disability, provided, however, that the council shall hold a public hearing on the issue prior to any such declaration.
Inasmuch as the mayor was absent from the city and unavailable to the city, the steps of Section 3-08 were initially properly followed whereby the mayor had transmitted a written declaration to the clerk of the council that he would be absent due to illness, and his designee would exercise the duties of the office of mayor. This was a temporary absence due to hospitalization which we believe to have been more than 72 hours but that did not extend to more than 30 consecutive days whereby the office would become vacant pursuant to the provisions of Home Rule Charter, Section 3-08.
It is our understanding since the mayor is no longer absent from the City but is presently unable to return to his duties, we find that it is necessary to follow Section 3-09(A) which initially provides "the office of the mayor shall be filled in the same manner as in Section 3-08(A)". This first step has been done by the mayor designating Councilman Henagan to execute the duties of mayor.
However, that section further provides whenever three qualified medical physicians, "who are designated by a resolution adopted by a majority of the council", transmit to the clerk of the council its written declaration that the mayor is unable to discharge the duties of the office, the "office of the mayor shall be filled by the council's designee", who shall serve until a panel of three qualified medical physicians designated by resolution adopted by the favorable vote of a majority of the council, transmits to the clerk of the council "its written declaration that the mayor's inability has ended."
We have no information that any resolution, which would be the next step, was enacted by a majority of the council to have three qualified medical physicians transmit a written declaration that the mayor was unable to discharge the duties of the office. After such a resolution, the next step is to have the office of the mayor filled by the council's designee.
The designee would serve until the next step, which would be when the physicians, who must review the mayor's disability at least once every three months, determine that the disability has ended.
However, if the disability exceeds six consecutive months, the next step would require a public hearing, and then by a favorable vote of a majority of the council, the office may be declared vacant due to inability to discharge the duties of the office.
In regard to the question whether there is any violation of dual officeholding, we find the designee would temporarily be handling the duties of mayor, and as such would not be in violation of the dual officeholding during that time.
Relative to this issue we find it pertinent to note in Atty. Gen. Op. 93-398A and Atty. Gen. Op. 01-36 that this office stated a mayor pro tempore retains his right to vote as an alderman, but nothing therein indicates any problem of dual officeholding.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Received:
Date Released: October 14, 2003